[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The court finds that the marriage of the parties has broken CT Page 1771-RRR down irretrievably; a decree dissolving the marriage is entered, and the court makes the following orders pursuant thereto, after having considered the evidence adduced at trial and the factors enumerated in Conn. Gen. Stat. Section 46b-81 and 46b-82:
1. The written Stipulation of the parties dated February 15, 1995 is approved, and the agreements contained therein are incorporated and included in the judgment.
2. The pendente lite orders of the court pursuant to Stipulation dated February 3, 1995 shall continue in effect post-judgment, except that as to Paragraph 2, the proceeds shall be delivered to defendant's attorney. The plaintiff's monthly obligation of $302.00 (first payment due March 1, 1995) will continue until the marital premises are sold or title is otherwise transferred, and all other terms of the February 3, 1995 Stipulation are complied with.
3. Each party shall be responsible for their own attorney's fees.
4. The plaintiff shall pay to the defendant within 30 days the CT Page 1771-SSS sum of $525.00, representing one-half of the horse lease payments made to Linda Gagnon, and the plaintiff shall be solely responsible for any other liabilities which may arise from that lease.
5. The defendant shall transfer title and possession to the plaintiff of the Chevrolet Chevette car, and the plaintiff shall transfer title of the Chrysler New Yorker to the defendant.
6. The plaintiff shall notify defendant's attorney immediately upon his resumption of employment, determination of eligibility for workers' compensation benefit or receipt of any tax refunds.
7. The plaintiff shall remove within 15 days of this decision, the used truck, pick-up truck cap, and automobile tires from the marital premises; with arrangement for this removal to be made through counsel.
8. The parties shall each be responsible to pay and hold harmless the other from one-half the obligations to ATT and Citibank Mastercards, $1,737.00 and $818.00 respectively.
9. The jewelry listed on the defendant's financial affidavit CT Page 1771-TTT is awarded to her, as well as the entire household contents, except for those items otherwise specifically addressed in these orders or in the February 15, 1995 Stipulation.
10. Any items owned by SNET Co. or by the Thomaston Volunteer Fire Department that are at the marital premises shall be returned by the plaintiff to their owner.
11. The plaintiff is awarded the bonds referred to during trial, the tractor and its accessories, including the trailer, York rake, spare tires, landscape rakes and shovels, and the motorcycle (the horse trailer is provided for in the court order of February 3, 1995).
12. The plaintiff shall pay the defendant the sum of $5,000.00 as spousal support and maintenance, in light of her limited earnings, on or before May 1, 1995, such obligation to be secured by the items specified in paragraph 11, supra, which shall remain in the defendant's possession until payment in full.
13. No alimony is awarded to either party except as specified CT Page 1771-UUU in the February 15, 1995 Stipulation.
14. The defendant is awarded any money that was in the parties' joint bank accounts on February 15, 1995.
15. The defendant's birth name of Gayle Giannelli is restored.
RICHARD A. WALSH, J.